**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Thomas Sander,<br><br>        Plaintiff,<br><br>vs.<br><br>The City of Dickinson, North Dakota;<br>Kylan Klauzer; Jeremy Moser; Terry<br>Oestreich; and Does 1-10,<br><br>        Defendants. | **ORDER GRANTING DEFENDANTS CITY OF DICKINSON'S AND DOES 1-10'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 1:15-cv-72 |

Before the Court is Defendants City of Dickinson and Does 1-10's "Motion for Summary Judgment" filed on October 3, 2016. See Docket No. 67. The Plaintiff filed a response in opposition on October 31, 2016. See Docket No. 82. Defendants City of Dickinson and Does 1-10 filed a reply brief on November 14, 2016. See Docket No. 89. For the reasons explained below, Defendants City of Dickinson and Does 1-10's motion for summary judgment is granted.

## I.    BACKGROUND

This case stems from a fire which occurred at Trinity High School in Dickinson, North Dakota, on March 3, 2014. The Plaintiff, Thomas Sander, brought this suit against the Defendants because he believes he was wrongfully targeted as a suspect, and subsequently arrested in connection with the fire. The Court has previously outlined the facts in this case in great detail in its Order, dated February 5, 2018, granting summary judgment in favor of Defendants Kylan Klauzer and Jeremy Moser, and will not reiterate them here. See Docket No. 124.

1

On June 8, 2015, Sander commenced this lawsuit against the Defendants[1] asserting nineteen separate causes of action. See Docket No. 1. Sander's complaint asserts several federal civil rights claims under 42 U.S.C. § 1983 against the Defendants, relating to alleged unconstitutional conduct in investigating, interrogating, and arresting Sander. The complaint also asserts several causes of action against the City of Dickinson ("the City") relating to its training and supervision of the named Defendants, and alleges several other state law causes of action against all of the Defendants, ranging from intentional infliction of emotional distress to defamation and deceit.

## II.   LEGAL ANALYSIS

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id.

The Court must inquire whether the evidence presents sufficient disagreement to require the submission of the case to a jury or if it is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. Forrest v. Kraft

---

[1] Defendant Oestreich, a former Dickinson Police Department official, has since been elected Sheriff of Stark County, North Dakota and has left the Dickinson Police Department.

Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002). The non-moving party may not rely merely on allegations or denials; rather, it must set out specific facts showing a genuine issue for trial. Id.

The City and Does 1-10 argue the City is entitled to summary judgment on Sander's federal claims under 42 U.S.C. § 1983 because Sander cannot produce evidence of an unconstitutional city policy or custom that was the driving force behind any alleged constitutional violation. See Docket No. 68. The City and Does 1-10 also argue Does 1-10 are entitled to summary judgment on all of Sander's claims against Does 1-10 because Sander has failed to specifically identify them, and he cannot prove the personal involvement required for supervisor liability under 42 U.S.C. § 1983.

### A. SANDER'S CLAIMS AGAINST THE CITY UNDER 42 U.S.C. § 1983

Sander's complaint asserts claims against the City under Section 1983 for supervisor liability; a *Monell* claim for unconstitutional practice and policy; and a *Monell* claim for unconstitutional discipline, training and supervision. See Docket No. 1. The City argues it is entitled to summary judgment on Sander's federal claims to the same extent the individually named defendants are. See Docket No. 68.

The Eighth Circuit Court of Appeals has consistently recognized a general rule that, in order for municipal liability to attach, individual liability must first be found on an underlying substantive claim. See Moore v. City of Desloge, Mo., 647 F.3d 841, 849 (8th Cir. 2011); McCoy v. City of Monticello, 411 F.3d 920, 922 (8th Cir. 2005). Similarly, in order to maintain an action for training or supervisory liability, a plaintiff must show that the failure to train or supervise caused the injury. Moore, 647 F.3d at 849. The Court has previously ruled that Sander has failed to establish that Officer Kylan Klauzer, Officer Jeremy Moser, or Terry Oestreich violated Sander's constitutional rights. See Docket Nos. 124 and 125. Thus, the Court finds that Sander cannot maintain his claims against the

City for supervisor liability, unconstitutional practice and policy, or for unconstitutional discipline, training, and supervision.

The City argues that, even if Sander could establish a failure by the City with regard to issuing full *Miranda* warnings, that failure cannot support liability under Section 1983.  See Docket No. 68, p. 7; see also Chavez v. Martinez, 538 U.S. 760, 772 (2003) ("[F]ailure to read *Miranda* warnings to [a suspect] did not violate [suspect's] constitutional rights and cannot be grounds for a § 1983 action."); Hannon v. Sanner, 441 F.3d 635, 636-37 (8th Cir. 2006).  The Court agrees.  Because there can be no individual capacity claim against any of the named defendants for failing to give Sander the *Miranda* warnings, it follows that there can be no municipal liability against the City for any officer's failure to give Sander the full *Miranda* warnings or for an alleged unconstitutional practice, policy, or custom not to provide the full *Miranda* warnings.

The City also argues it is entitled to summary judgment on Sander's federal claims because there is no evidence to create a dispute of fact as to whether a policy or custom of the City was the driving force behind any alleged violation of Sander's constitutional rights.  See Docket No. 68. Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of its employees.  Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999); Andrews v. Fowler, 98 F.3d 1069, 1074 (8th Cir. 1996) (local government may not be sued under Section 1983 for injury inflicted solely by its employees or agents under theory of respondent superior).  However, a municipality may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom.  Mettler, 165 F.3d at 1204. For a municipality to be liable, a plaintiff must prove that a municipal policy or custom was the "moving force behind the constitutional violation."  Id.; see also Board of County Com'rs of Bryan

4

County, Okla. V. Brown, 520 U.S. 397, 404 (1997) (only a municipality's "deliberate" conduct can meet the "moving force" requirement).

>   To prove a municipal custom exists, Sander must satisfy three requirements:
>
>   (1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
>   (2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
>   (3) Th[e] plaintiff['s] injur[y] by acts pursuant to the governmental entity's custom, *i.e.,* [proof] that the custom was the moving force behind the constitutional violation.

Mettler, 165 F.3d at 1204.  It does not appear from the pleadings that Sander argues the City had any facially unconstitutional official policies that caused any deprivation of his rights.  Rather, the only municipal custom Sander identified is the alleged widespread use of "soft *Miranda*" warnings.  See Docket No. 82.  However, as noted above, the City cannot be held liable for officers' failure to give *Miranda* warnings.  See Hannon, 441 F.3d at 636-37.  Sander concedes as much in his response in opposition.  See Docket No. 82, p. 30.  The Court is not persuaded by Sander's argument that the use of "soft *Miranda*" warnings was the moving force behind the other violations he alleges occurred during the investigation, including unconstitutional interrogation tactics, inadequate investigation, evidence destruction, and an arrest without probable cause.  As noted previously, the Court has already held that the officers did not violate Sander's constitutional rights.  See Docket Nos. 124 and 125.  Further, even if there was a widespread practice or custom of using the so-called "soft *Miranda*," the failure to give complete *Miranda* warnings is not closely related to the ultimate injury Sander asserts he sustained.  See Andrews, 98 F.3d at 1077.  Sander simply cannot demonstrate the close relationship necessary to conclude that the City's failure to properly train the officers *caused* the

injuries Sander alleges or that the alleged custom of utilizing the so-called "soft *Miranda*" warnings was the moving force behind the alleged constitutional violations. The Court finds that Sander's claims against the City under Section 1983 fail as a matter of law.

### B. SANDER'S STATE LAW CLAIMS AGAINST THE CITY

Sander's complaint asserts numerous state law claims against the City, including false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, abuse of process, gross negligence, willful misconduct, deceit, defamation, vicarious liability, and a violation of Article 1, Section 1 of the North Dakota State Constitution. See Docket 1. The City argues it is entitled to summary judgment on Sander's state law claims against it to the same extent as the named defendants and adopts their arguments as its own. See Docket No. 68, p. 14.

The Court has previously found that: 1) the law enforcement officers were exercising highly discretionary functions in the investigation, interrogation, and arrest of Sander; 2) probable cause was present when prosecution against Sander was initiated; 3) Sander failed to point to evidence in the record to support a finding of the officers having an ulterior purpose or motive, other than bringing an offender to justice or that they used any legal process to gain a collateral advantage over Sander; 4) the law enforcement officers were entitled to state-law immunity under N.D.C.C. § 32-12.1-03(3) as a matter of law, 5) Sander failed to establish a causal connection between the alleged deception and the harm he alleged he sustained; 6) the law enforcement officers' conduct at issue did not rise to the level of "extreme and outrageous conduct" as required under North Dakota law; 7) Sander failed to point to any case law to support his claim for a private right of action under the North Dakota Constitution, and this Court will not take the extraordinary step of inferring one; and 8) the law enforcement officers were entitled to summary judgment in their favor on Sander's state law claims

against them for false arrest, false imprisonment, malicious prosecution, abuse of process, gross negligence, willful misconduct, deceit, defamation, and the State constitutional claim under Article 1, Section 1 against them.  See Docket Nos. 124 and 125.  The Court finds that the City is entitled to summary judgment on Sander's state law claims against it for the same reasons.

The only remaining state law claim Sander asserted against the City which the Court must resolve is a claim for vicarious liability.  See Docket No. 1, p. 24.  The City argues this claim "does not actually plead any cause of action independent from the other state-law claims Sander alleges in his complaint."  See Docket No. 68, pp. 14-15.  Further, the City argues it is already vicariously liable for the acts of the named Defendants done in the scope of their employment, in light of the applicable statutes on municipal liability and immunity.  See Nelson v. Gillette, 1997 ND 205, ¶ 12, 571 N.W.2d 332.  The City notes it is "unable to discern any distinction between the municipal liability under state law for the allegedly wrongful acts of its employees and the generic 'Vicarious Liability' claim Sander alleges" in his complaint.  See Docket No. 68, p. 15.  The City argues it is entitled to summary judgment on Sander's vicarious liability claim against it to the same degree it is entitled to summary judgment on Sander's other state law claims.  The Court agrees.  The Court finds that Sander's state law claims against the City fail as a matter of law.

### B. SANDER'S CLAIMS AGAINST DOES 1-10

The City and Does 1-10 argue Does 1-10 are entitled to summary judgment on all of Sander's claims against Does 1-10 because Sander has failed to specifically identify the officers, and he cannot prove the personal involvement required for supervisor liability under Section 1983.  See Docket No. 68.

A plaintiff may assert Section 1983 claims against a public official acting in his individual capacity and in his official capacity. Baker v. Chisom, 501 F.3d 920, 923 (8th Cir. 2007). The Eighth Circuit Court of Appeals has held that if a plaintiff's complaint is silent about the capacity in which he is suing the defendant, the complaint is interpreted as including only official-capacity claims. Id. Thus, if the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity. Id.

Sander's complaint does not assert any claims against Does 1-10 in their individual capacities. See Docket No. 1. Thus, the Court will interpret Sander's complaint as including only official-capacity claims. See Baker, 501 F.3d at 923. A suit against a government official in his or her official capacity is another way of pleading an action against an entity of which an officer is an agent. Baker, 501 F.3d at 925. The City and Does 1-10 argue Does 1-10 are entitled to summary judgment on the official capacity claims against them to the same extent the City is. The Court agrees.

To the extent there are any Section 1983 individual capacity claims against Does 1-10, the City and Does 1-10 argue they are entitled to summary judgment in their favor because, absent the identification of the individual fictitious defendants, they cannot defend the conduct that Sander believes supports liability. See Docket No. 68. The Court agrees. See Whitson v. Stone County Jail, 602 F.3d 920, 928 (8th Cir. 2010) (in Section 1983 cases, an official is only liable for his own misconduct and is not accountable for other agents' misdeeds under a theory such as respondeat superior or supervisor liability).

The City and Does 1-10 also argue they are also entitled to summary judgment in their favor regarding the state law claims against Does 1-10, to the extent there are any individual capacity claims against Does 1-10, because Sander has failed to amend his pleadings and identify and serve Does 1-10 with this suit. See Docket No. 68. Sander filed his complaint in June of 2015, discovery has since

been completed, and the time to amend the pleading has passed.  See Docket Nos. 1, 29, 45, and 50. Sander has failed to identify the unnamed police officers identified only as "Does 1-10" in his complaint or in an amended pleading, and he failed to address any of his claims against Does 1-10 in his response in opposition to the summary judgment motion.

Because Sander failed to identify the unnamed police officers identified as "Does 1-10" in his complaint; failed to establish the personal involvement required for supervisor liability under Section 1983, and failed to specifically address any of his claims against Does 1-10 in his response, the Court dismisses all of Sander's claims against Does 1-10 without prejudice.  See Thornton v. U.S. Dept. of Justice, 93 F. Supp. 2d 1057, 1063-64 (D. Minn. 2000).

### III.    CONCLUSION

After carefully reviewing the entire record and for the reasons set forth above, the Court **GRANTS** Defendant City of Dickinson and Does 1-10's "Motion for Summary Judgment" (Docket No. 67).  Because the Court has dismissed all of Sander's claims against all of the Defendants, Sander's "Motion to Amend Complaint to Claim Exemplary Damages" (Docket No. 72) is **FOUND AS MOOT**.

**IT IS SO ORDERED**.

Dated this 5th day of February, 2018.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, Chief Judge
> United States District Court