Ryan Shaffer (ND Bar # 07333)
MEYER, SHAFFER & STEPANS, PLLP
430 Ryman Street
Missoula, MT 59802
Tel: (406) 543-6929
Fax: (406) 721-1799
ryan@mss-lawfirm.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | |
|---|---|
| THOMAS SANDER | ) |
| | ) Civil Action No. 1:15-cv-00072-CSM |
| Plaintiff, | ) |
| | ) |
| vs. | ) **PLAINTIFF'S OBJECTION TO** |
| | ) **DEFENDANT OESRTREICH'S** |
| THE CITY OF DICKINSON, NORTH | ) **MOTION FOR COSTS** |
| DAKOTA; KYLAN KLAUZER; JEREMY | ) |
| MOSER; TERRY OESTREICH; and | ) |
| DOES 1-10 | ) |
| Defendants. | ) |
| | ) |

Plaintiff, by and through his counsel of record, objects to Defendant Terry Oestreich's Motion for Costs as follows:

<u>Defendant Oestreich's Motion for Costs</u>

Defendant Terry Oestreich seeks recovery of $5.00 for a docket fee and $4,636.78 in deposition transcription and DVD production costs. Defendant Oestreich's Motion and Verified Statement states that all such costs were "paid and incurred by the Defendant in this action."

## Applicable Law

A prevailing party may recover docket fees and costs of printed or electronically recorded transcripts that are "necessarily obtained for use in the case." 28 U.S.C. § 1920. Under applicable law, the party seeking reimbursement for printed and electronically recorded transcripts carries the burden of showing such costs were "necessarily obtained." *See e.g. Mikel v. Kerr*, 499 F.2d 1178, 1183 (10th Cir. 1974); *U.S v. Kolesar*, 313 F.2d 835, 839 (5th Cir. 1963); *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964) (prevailing party claims to costs must be given careful scrutiny by the district court).

This Court's local rules require the party seeking recovery of costs to provide "a detailed breakdown of each item of claimed costs . . . with sufficient description so that the item can be readily understood" and affirmation from the applicant's attorney that the "disbursements were necessarily incurred." L.R. 54.1. A party's failure to comply with the requirements of L.R. 54.1 may be deemed to have waived its claim to costs. *Id*.

Finally, the Court has the inherent power to deny an award of costs where the losing party shows that "an award is inequitable under the circumstances." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002).

## Plaintiff's Objections

**1. The Defendant failed to establish that the identified costs were *necessarily incurred*.**

The applicable federal law and Local Rule both require the party moving for reimbursement of transcription costs to establish that such costs were "necessarily

incurred." *See e.g. Mikel v. Kerr*, 499 F.2d 1178, 1183 (10th Cir. 1974); *U.S v. Kolesar*, 313 F.2d 835, 839 (5th Cir. 1963); *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964) (prevailing party claims to costs must be given careful scrutiny by the district court); L.R. 54.1.

Defendant Oestreich's application for reimbursement of costs does not assert or establish that the identified costs were *necessarily incurred*. While the application affirms that the costs were incurred, there is no explanation or description of how any of the deposition transcripts costs or DVD costs were *necessary*. For instance, there is no explanation as to: (1) how any of the deposition costs were necessary for Defendant Oestreich's qualified immunity defense; (2) why Defendant Oestreich did not share such costs with the other Defendants in the case; (3) whether the transcripts and DVD's identified were submitted for review by the Defendant to the court; (4) whether the transcripts and DVD's identified were reviewed by the court as part of its deliberations on summary judgment; and (5) why both the transcript and DVD copies of certain depositions were *necessary* as opposed to just one or the other.

The party seeking reimbursement for transcription and deposition costs bears the burden of establishing that such costs were *necessary*. Defendant Oestreich's failure to meet this burden means that his application fails to establish such costs are authorized for reimbursement and the application should be denied.

**2. The imposition of costs against the Plaintiff is inequitable.**

The Court has the equitable power to deny Defendant Oestreich's motion for costs. *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002). The

most common basis for denying costs to a prevailing defendant is the disparity of resources between the parties involved in the litigation, "as well as the suit being neither frivolous nor brought in bad faith." *See e.g. Theriot v. Parish of Jefferson*, 966 F. Supp 1435, 1452-53 (E.D. Louisiana, 1997) (citing Bartell, *Taxation of Costs and Awards of Expenses*, 101 F.R.D. 553, 561 (1984).

In this case, Defendant Oestreich was defended under an insurance policy and did not personally incur any of the claimed costs. As Magistrate Miller carefully noted, Mr. Sander's case was not frivolous. Amended Order Re: Motion to Compel Discovery, p. 2 (Aug. 21, 2017) [ECF Doc. 117]. Under these circumstances, Plaintiff respectfully requests that the court exercise its equitable power to deny the recovery of all costs by Defendant Oestreich.

RESPECTFULLY SUBMITTED this 22nd day of February 2018.

          ___*/s/ Ryan Shaffer*_____
          Ryan Shaffer (ND Bar # 07333)
          MEYER, SHAFFER & STEPANS, PLLP
          *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 22nd day of February 2018, a true and correct copy of the foregoing was filed with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

 Scott K. Porsborg
 sporsborg@smithbakke.com
 Preston Wise
 pwise@smithbakke.com
 SMITH BAKKE PORSBORG
 SCHWEIGERT & ARMSTRONG
 122 East Broadway Avenue
 P.O. Box 460
 Bismarck, ND  58502-0460
 Phone: (701) 258-0630

 *Attorneys for Defendants City of Dickinson,*
 *North Dakota; Kylan Klauzer; and Jeremy Moser*

 Michael C. Waller
 mwaller@crowleyfleck.com
 CROWLEY FLECK PLLP
 100 West Broadway, Suite 250
 P.O. Box 2798
 Bismarck, ND  58502
 Phone:  (701) 224-7523

 *Attorney for Defendant Terry Oestreich*


          ___*/s/ Ryan Shaffer*_____
          Ryan Shaffer